1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   RONALD SIMMONS,                    No. 2:13-CV-0629-CMK-P

12            Plaintiff,

13      vs.                              <u>ORDER</u>

14   SUPERIOR COURT SACRAMENTO
     COUNTY,
15
              Defendant.
16
     _____/
17

18            Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19   42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

20            The court is required to screen complaints brought by prisoners seeking relief

21   against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

22   § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

23   malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

24   from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

25   the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain

26   statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

1

1  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne,

2  84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied

3  if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon

4  which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must

5  allege with at least some degree of particularity overt acts by specific defendants which support

6  the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is

7  impossible for the court to conduct the screening required by law when the allegations are vague

8  and conclusory.

9          In this § 1983 civil rights case, plaintiff claims: "Department 63 as be holding me

10  with fake charges Penal Code / 664 / 459 / PC 314 / This is a federal law."  From this it appears

11  that plaintiff is challenging the fact of his pre-trial detention.  Remedies lie under § 1983 only

12  where the prisoner challenges the conditions of his confinement.  See Rizzo v. Dawson, 778 F.2d

13  527, 531-32 (9th Cir. 1985).  Because such does not to appear to be the case here, it also appears

14  that plaintiff cannot state a claim for relief under § 1983.

15          Because it does not appear possible that the deficiencies identified herein can be

16  cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of

17  the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

18  Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action

19  should not be dismissed for failure to state a claim.  Plaintiff is warned that failure to respond to

20  this order may result in dismissal of the action for the reasons outlined above, as well as for

21  failure to prosecute and comply with court rules and orders.  See Local Rule 110.

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1       IT IS SO ORDERED.

2

3  DATED:  July 29, 2013

4

5                   **CRAIG M. KELLISON**
                   UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26